Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA SACHS,

                Plaintiff,

      v.

THE CITY OF NEW YORK and THE
NEW YORK CITY CIVILIAN COMPLAINT
REVIEW BOARD,
                Defendants.

**COMPLAINT AND
JURY DEMAND**

Plaintiff Linda Sachs (referred to herein as "Plaintiff"), by and through her attorneys,

Spivak Lipton LLP, allege as follows:

## **COMPLAINT AND JURY DEMAND**

1. Linda Sachs, a former Director of Communications for the New York City

Civilian Complaint Review Board brings claims under the federal Equal Pay Act, 29 U.S.C. §

206(d) ("EPA"), due to the City of New York's and the New York City Civilian Complaint

Review Board's unlawful compensation of Ms. Sachs at a rate less than a comparable male

employee. Additionally, Ms. Sachs brings claims under the New York State Human Rights Law,

Executive Law §§ 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C.

SL-223374.1

1

Administrative Code §§ 8-107 *et seq.* ("NYCHRL), for discriminating against her by paying male employees at a higher pay rate for performing the same or similar job that Ms. Sachs held while employed at the New York City Civilian Complaint Review Board. Further, the City of New York failed to hire Ms. Sachs when she reapplied for the position of Director of Communications in February 2017 as a result of age and gender-based discrimination in violation of the NYSHRL and NYCHRL.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the asserted claims occurred herein.

4.      This court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

## THE PARTIES

5.      The plaintiff, Linda Sachs, was the Director of Communications for the New York City Civilian Complaint Review Board from September 2010 until January 2016.

6.      Ms. Sachs is a resident of the State of New York and resides in New York County.

7.      The Defendant, City of New York, is a municipal corporation organized under the laws of the State of New York.  The City of New York has a principal office and place of business located at Broadway and Park Row, New York, New York 10007 and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York 10007.

8. The Defendant, the Civilian Complaint Review Board ("CCRB") is an agency of the City of New York and maintains its principal place of business at 100 Church Street, New York, New York 10007.

9. At all relevant times mentioned herein, the City of New York and the CCRB were Ms. Sachs' employers within the meaning of the EPA, 29 U.S.C. § 203(d), the NYSHRL and the NYCHRL.

## FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS

**Employment History**

10. Ms. Sachs was actively employed by the City of New York with the CCRB from September 2010 until January 22, 2016 as the Director of Communications.

11. Ms. Sachs was the first – and only – woman hired as the CCRB's Director of Communications.

12. As the CCRB Director of Communications, Ms. Sachs served as a member of the Senior Staff team.

13. At the time Ms. Sachs was hired by CCRB in September 2010, she had twenty-seven (27) years of experience in the news and communications fields. Ms. Sachs worked previously as the Deputy Press Secretary and primary spokesperson for the Office of the Brooklyn District Attorney (1983-1987), Communications Director for the New York State Commission on Government Integrity (1987-1990), and Assistant Commissioner for Communications for the New York City Department of Consumer Affairs (1990-1993). From 1994 until 2010, Ms. Sachs worked in the field of television news and video production garnering numerous prestigious awards during the period including, among others, four television news Emmy's, six Emmy Nominations, three first place National Association of Black

SL-223374.1                                3

Journalist Awards for Excellence, the National Edward R. Murrow Award for Investigative Reporting and the Robert F. Kennedy Journalism Award. Ms. Sachs has a Baccalaureate degree in English from Rutgers University.

14. As the CCRB's Director of Communications, Ms. Sachs served as the official spokesperson for the CCRB and point of contact for all press and publicity inquiries.

15. Ms. Sachs' job duties and responsibilities as the CCRB's Director of Communications included but were not limited to handling all media inquiries, publicizing Board meetings, Board actions and agency reports, editing and designing reports (such as the CCRB's Annual and Semi-Annual Report), advising the Board Chair on strategic ways to gain positive press attention, conceptualizing, writing and supervising the graphic design and production of all agency outreach materials, preparing the daily press digests, acting as liaison with the City Hall Press Office and preparing daily and weekly reports for City Hall, monitoring news for relevant stories concerning topics within CCRB's jurisdiction, and publicizing the prosecutions of police officers by the Administrative Prosecutions Unit (APU).  Ms. Sachs also initiated, created and maintained CCRB's social media presence and activity through such medium as LinkedIn, Twitter and the CCRB's website.

16. Ms. Sachs was commended for her strong performance and work ethic throughout her tenure at the CCRB.

17. The salary paid by the City of New York to Ms. Sachs as the Director of Communications was not commensurate with industry standards for the role of a Director of Communications at similar places of employment with similar responsibilities.

18. At the time Ms. Sachs was hired in September 2010, she was paid a salary of $60,000.

19.     The Director of Communications who was employed with CCRB prior to Ms. Sachs, a younger male, was paid a salary of $68,500 when he left the position in 2008.

20.     Ms. Sachs received three pay increases during her tenure with CCRB.  The first was in 2011 when she was given an increase of $3,000, bringing her salary up to $63,000 – still $5,500 less than her predecessor, a younger male.

21.     The second pay raise Ms. Sachs received was in 2013 when Defendants raised her pay to $68,500 – the salary that her younger male predecessor was earning in 2008.

22.     In November 2014, Ms. Sachs received a pay increase to $85,000.

23.     Ms. Sachs resigned from employment with the CCRB on January 22, 2016.

24.     After Ms. Sachs' resignation, CCRB hired a younger male, Edison Alban, with the title of "Press Secretary" – a subordinate role to the Director of Communications – and paid him a salary of $100,000 -- $15,000 more than Ms. Sachs was paid when she vacated her higher level position as Director of Communications a few weeks prior.

25.     As Press Secretary, Mr. Alban had materially less responsibility than Ms. Sachs did as the Director of Communications – a more senior level position -- and Mr. Alban also came into the position with demonstrably less experience.

26.     In addition to receiving a higher salary, Mr. Alban was provided with a spacious private office with windows while Ms. Sachs worked out of a small, windowless office.

27.     The CCRB did not actively recruit to fill the vacant position of Director of Communications until in or around January 2017.

28.     Ms. Sachs applied for the CCRB Director of Communications position by letter application dated February 25, 2017.

29.   At the time Ms. Sachs applied for the position of CCRB Director of Communications in February 2017, she was sixty-four (64) years old.

30.   Ms. Sachs was never interviewed for the position of CCRB Director of Communications after she submitted her application on February 25, 2017, despite her clear qualifications and prior experience in the position.

31.   On April 15, 2017, the new Director of Communications, Vincent Paolo Villano, started his employment with CCRB at the salary of $118,000.

32.   Mr. Villano is a 2008 graduate of American University with a Baccalaureate degree in Political Science and approximately six years' of post-graduate job experience, none in government or the news industry, before being hired at CCRB.

33.   As a result of Defendants' conduct, Ms. Sachs suffered financial harm as she did not receive compensation commensurate with the job she performed as the Director of Communications for the CCRB from September 2010 until January 22, 2016.

34.   Further, as a result of Defendants' conduct, Ms. Sachs suffered financial harm because Defendants' failure to compensate her commensurate with the job she performed as the Director of Communications for the CCRB from September 2010 until January 22, 2016 had a negative impact on standard of living, her quality of life, future earnings and related compensation.

35.   As a result of Defendants' conduct, Ms. Sachs also suffered emotional and physical distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the Equal Pay Act)

36.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as fully set forth herein.

SL-223374.1                                                6

37.     Defendants paid Plaintiff different wages than a male employee for equal work. The job held by Plaintiff, and subsequently by a male employee, required equal skill, effort and responsibility and was performed under similar working conditions, yet, the male employee was paid $33,000 more than Plaintiff. Further, Plaintiff had significantly more experience than the male employee.

38.     Further, the male employee who preceded plaintiff in her position as the CCRB Director of Communications was also paid more for equal work and the jobs held by Plaintiff and her predecessor required equal skill, effort and responsibility and were performed under similar working conditions, yet her male predecessor was paid $8,500 more than Plaintiff.

39.     Defendants' conduct in violation of the EPA was willful and/or in reckless disregard of Plaintiff's rights to equal pay for equal work.

40.     As a result of Defendants' conduct, Plaintiff has suffered both economic and emotional harm.

### AS AND FOR A SECOND CAUSE OF ACTION
(Gender-Based Compensation Discrimination in
Violation of the New York State Human Rights Law)

41.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as fully set forth herein.

42.     Defendants acted in violation of the New York State Human Rights Law, Exec. Law § 296 *et seq.*, by discriminating against Plaintiff because of sex with respect to her compensation by paying male employees at a higher pay rate for performing the same or similar jobs that Ms. Sachs held while employed at CCRB.

43.     As a result of Defendants' conduct, Plaintiff has suffered both economic and emotional harm.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Gender-Based Compensation Discrimination in**
**Violation of the New York City Human Rights Law)**

44.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as fully set forth herein.

45.    Defendants acted in violation of the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 *et seq.*, by discriminating against Plaintiff because of sex with respect to her compensation by paying male employees at a higher pay rate for performing the same or similar jobs that Ms. Sachs held while employed at CCRB.

46.    As a result of Defendants' conduct, Plaintiff has suffered both economic and emotional harm.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Failure to Hire in Violation of the New York State Human Rights Law)**

47.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as fully set forth herein.

48.    Defendants acted in violation of the New York State Human Rights Law, Exec. Law § 296 *et seq.*, by discriminating against Plaintiff because of sex and/or age when she applied for the position of Director of Communications with the CCRB in February 2017.

49.    As a result of Defendants' conduct, Plaintiff has suffered both economic and emotional harm.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Failure to Hire in Violation of the New York City Human Rights Law)**

50.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as fully set forth herein.

SL-223374.1                                    8

51.     Defendants acted in violation of the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 *et seq.*, by discriminating against Plaintiff because of sex and/or age when she applied for the position of Director of Communications with the CCRB in February 2017.

52.     As a result of Defendants' conduct, Plaintiff has suffered both economic and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

a.  Back pay damages for three years preceding the filing of this Complaint, pursuant to the federal Equal Pay Act;

b.  Liquidated damages pursuant to the federal Equal Pay Act;

c.  Punitive damages for the Defendants' willful and/or recklessly indifferent conduct in violation of the federal Equal Pay Act;

d.  Back pay damages pursuant to the New York State Human Rights Law;

e.  Compensatory damages pursuant to the New York State Human Rights Law;

f.  Punitive damages pursuant to the New York State Human Rights Law;

g.  Back pay damages pursuant to the New York City Human Rights Law;

h.  Compensatory damages pursuant to the New York City Human Rights Law;

i.  Punitive damages pursuant to the New York City Human Rights Law;

j.  Reinstatement to the position of CCRB Director of Communications, or alternatively, front pay damages pursuant to the New York State Human Rights Law and the New York City Human Rights Law;

k. Attorneys' fees and costs, pursuant to the federal Equal Pay Act, the New York State Human Rights Law and the New York City Human Rights Law;

l. Any and all other remedies that may appear to be just and proper and provided for in accordance with law.

Dated:  June 30, 2017
        New York, New York

                              Respectfully submitted,


                              ___/s/ Hope Pordy_____
                              Hope Pordy
                              hpordy@spivaklipton.com
                              SPIVAK LIPTON LLP
                              1700 Broadway, 21st Floor
                              New York, New York 10019
                              Tel: (212) 765-2100
                              Fax: (212) 765-8954
                              *Attorneys for Plaintiff Linda Sachs*

SL-223374.1                              10